UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:24-cv-00158-MOC-SCR

| | | |
|---|---|---|
| **SHANRIQUA HENDERSON**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| **VIRGINIA HAWK, ET AL.** | ) | |
| | ) | |
| Defendants. | ) | |

**THIS MATTER** is before the Court on initial review of Plaintiff's complaint. (Doc. No. 1); see 28 U.S.C. §§ 1915(e)(2); 1915A. Plaintiff is proceeding in forma pauperis. (Doc. No. 10).

## I. Background

Pro se Plaintiff Shanriqua Henderson brought this action in February 2024. (Doc. No. 1). Her complaint alleges several claims, including breach of contract and fraud. (Id. at 4). However, Plaintiff fails to include factual allegations in support of her several claims.

## II. Legal Standard

Because Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional

1

scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

### III. Discussion

The Court must liberally construe Plaintiff's pro se complaint. Haines v. Kerner, 404 U.S. 519, 520 (1972). But the liberal construction requirement does not permit the Court to ignore Plaintiff's clear failure to allege facts in the complaint setting forth a claim cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). Plaintiff's complaint is too vague for the Court to assess the claims she purports to bring against Defendants. The Court cannot draft Plaintiff's complaint for her, nor can it speculate as to the claims she attempts to bring. Id. at 391. Instead of dismissing Plaintiff's complaint, however, the Court will grant Plaintiff **one** opportunity to amend her complaint to clarify the factual circumstances giving rise to her claims.

### ORDER

**IT IS, THEREFORE, ORDERED** that Plaintiff shall have thirty (30) days from entry of this order to clarify her factual allegations. If Plaintiff does not submit an amended complaint within thirty days of this Order's entry, the Court will dismiss this action without prejudice or further notice to Plaintiff.

**SO ORDERED.**

Signed: July 8, 2024

Max O. Cogburn Jr
United States District Judge